UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BANK OF AMERICA, NA,

                         Plaintiff,                **ORDER**
                                                       CV 11-1191 (DHR)(ARL)
        -against-

PUSHING GREY – OFFICIAL NUMBER 1205748,
IRENE DENTE, TURTLE HOLDINGS, LLC,
STEVE KONTARINES, BRANDON G. LISI,
SURFSIDE 3, MARINE MAX a/k/a MARINE
MAX OF NEW YORK, LLC,

                         Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the court is defendant Irene Dente's motion dated August 19, 2014 for leave to conduct the deposition *de bene esse* of defendant Dente on the ground that traveling to New York would be an inconvenience to her. Defense counsel appears to argue that Ms. Dente is a mere witness and not properly a defendant in this matter. This characterization of Ms. Dente's participation in the events is disputed by defendants Turtle Holdings, LLC, Steve Kontarines and Brandon Lisi, all of whom oppose the application and request that the Certification by Ms. Dente's counsel be stricken. Plaintiff Bank of America, NA ("plaintiff") consents to Ms. Dente's motion provided the deposition occurs within the time periods requested by Ms. Dente's counsel.

       As courts have held "both discovery and *de bene esse* depositions are governed by the scheduling order set by the Court, and may not be conducted after the close of discovery absent good cause to modify that order." *George v. Ford Motor Co.,* No. 03 Civ. 7643 (GEL), 2007 WL 2398806, at *12 (S.D.N.Y. Aug. 17, 2007) (internal quotation marks and citations omitted); *cf. Bank v. American Home Shield Corp.,* No. 10-CV-4014 (PKC), 2014 WL 468403, at *3 (E.D.N.Y. Feb. 5, 2014). *De bene esse* relief is available when a party can demonstrate a good faith need for the preservation of testimony based on compelling circumstances such as advanced age, health concerns or other special circumstances. *See United States v. Int'l Longshoremen's Ass'n*, No. CV-05-3212 (ILG)(VVP), 2007 WL 2782761, at *1 (E.D.N.Y. Sept. 24, 2007); *cf. DRFP, LLC v. Republica Bolivariana de Venezuela*, 2009 WL 4281261, at *1 (S.D. Ohio Nov. 24, 2009). Pursuant to the Scheduling Order in this case, fact discovery closed on March 27, 2012, nearly two and one half years prior to the proposed deposition date. Defendant Dente's sole basis for the relief requested appears to be mere inconvenience and not based on any compelling circumstances or prejudice. Accordingly, the application to conduct the deposition *de bene esse* is denied. The application to strike the defense counsel's Certification is denied.

       Also before the court is defendant Surfside 3 Marine Max's ("Marine Max") letter application dated September 24, 2013 requesting a conference to direct the Vessel Defendants and/or plaintiff to remove the vessel at issue from Marine Max's premises. By letter response

dated September 25, 2014, plaintiff states it does not object to a conference and requests that the court expand the purpose of the conference to direct the sale of the vessel at auction and placement of the sale proceeds in trust for disbursement pending the disposition of the case at trial. By letter response dated October 1, 2014, defendant Dente takes no position with regard to the applications. The applications of Marine Max and plaintiff are currently unopposed. Nonetheless, the undersigned will grant the parties until close of business on October 16, 2014 to file objections to the applications. Failure to object will lead to entry of an order for the requested relief.

Dated: Central Islip, New York  **SO ORDERED:**
       October 8, 2014

                                               _____/s_____
                                               ARLENE R. LINDSAY
                                               United States Magistrate Judge