```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
BANK OF AMERICA, NA

                        Plaintiff,            ORDER ADOPTING R&R
    -against-                                  11-cv-1191 (DRH)(ARL)

PUSHING GREY – OFFICIAL NUMBER
1205748, IRENE DENTE, TURTLE
HOLDINGS LLC, STEVE
KONTARINES, BRANDON G. LISI, and
SURFSIDE 3 MARINE MAX also known
as Marine Max of New York LLC,

                        Defendants.
----------------------------------------------------X
```

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is the Report and Recommendation ("R&R"), dated January 23, 2018, of Magistrate Judge Arlene R. Lindsay, recommending that the Court grant Plaintiff Bank of America, NA's motion to strike Defendant Turtle Holdings, LLC's ("Turtle Holdings'") answer and grant default judgment against it.

Defendant Brandon G. Lisi ("Lisi") has filed an objection to the R&R on the basis that: (1) Turtle Holdings was never properly served with the R&R or the orders relating to withdrawal of its counsel; (2) the answer is a joint answer on behalf of Turtle and Defendants Lisi and Steve Kontarines ("Kontarines"), so striking such answer would be unfairly prejudicial to the other defendants; (3) the finding that all parties were given a chance to weigh in was erroneous; (4) Turtle Holdings is not an active LLC and therefore may appear pro se; (5) holding Turtle Holdings in default would violate the Rooker-Feldman Doctrine; (6) the case cannot proceed

because a related criminal case is pending; and (7) the case should be stayed for at least 120 days for Turtle Holdings to cure the default. (Objections to R&R [DE 118] at 2–9.)

## BACKGROUND

Plaintiff Bank of America, NA ("BoA") brought this action against Pushing Grey – Official Number 1205748, Irene Dente, Turtle Holdings, Kontarines, Lisi, and Surfside 3 Marine Max a/k/a Marine Max of New York LLC (collectively, "Defendants") on March 14, 2011 to foreclose a first preferred mortgage on the vessel Pushing Grey. (Compl. [DE 1] ¶ 36.) Turtle Holdings filed a joint Answer with Lisi and Kontarines, by and through counsel Gordon & Haffner, LLP ("Gordon & Haffner"), on April 28, 2011. (Answer [DE 8].)

On June 10, 2017, Gordon & Haffner filed a motion to withdraw as the attorney of record for Defendants Turtle Holdings, Kontarines, and Lisi. (Motion to Withdraw [DE 93] at 1.) By Order dated June 14, 2017, all parties were given an opportunity to weigh in on the motion and Turtle Holdings was advised that as an LLC it could not proceed *pro se*. (Order [DE 95] at 1.) On August 21, 2017, Lisi submitted his opposition to the Motion to Withdraw, seeking an adjournment of 60 after his federal sentencing scheduled for September 19, 2017. (Lisi Decl. in Opp. [DE 1-5] at 1.) The Court postponed resolution of the motion to withdraw until October 19, 2017. At that time, Lisi expressed that he did not oppose the motion as long as he was given 120 days to secure new counsel. (Response in Opp. [DE 109].)

On November 3, 2017, the Court granted Gordon & Haffner's motion to withdraw, and gave Defendants Turtle Holdings, Kontarines, and Lisi 60 days to obtain new counsel. (Order [DE 111].) Turtle Holdings was advised that it could not proceed *pro se*, and that failure to obtain new counsel could result in its answer being stricken and default judgment entered against

it.  The Order was served on Turtle Holdings on November 9, 2017.  (Decl. of Service [DE 112] at 1.)

On January 2, 2018, BoA filed a letter requesting that Judge Lindsay strike Turtle Holding's Answer and enter default judgment against it.  (Letter Motion [DE 113] at 1.)  Turtle Holdings never responded to the Court's Orders or to Plaintiff's January 2, 2018 letter.  On January 2, 2018, Judge Lindsay filed the instant R&R.  On February 7, 2018, Lisi filed his objections.  Defendant replied in opposition on April 26, 2018.  On April 27, 2018, Lisi moved for a hearing on the R&R.

## APPLICABLE STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made.  Fed. R. Civ. P. 72(b).  Accordingly, the Court reviews the R&R de novo.

## DISCUSSION

I.  *Legal Standard*

It is well-established that "corporations may not appear pro se."  *Cael Technologies (Pvt. Ltd. v. Precise Voting, LLC*, 2016 WL 5390131, at *3 (E.D.N.Y. Sept. 26, 2016) (citing *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)).  As such, "'[t]he failure by a corporate defendant to obtain counsel constitutes a failure to defend because the corporate defendant, as a corporation, cannot proceed in federal court *pro se*."  *Demopolous v. Sweet Clover Farms, Inc.*, 2016 WL 8711717, at *6 (E.D.N.Y. Sept. 1, 2016) (citing *Shapiro Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (*per curiam*)).  This failure to

obtain counsel and failure to defend "warrant[s] the entry of a default judgment." *Cael Techonologies*, 2016 WL 5390131, at *3; *see also Team Air Express, Inc. v. A. Heffco Techs., Inc.*, 2008 WL 4790469, at *2 (E.D.N.Y. Jan 7. 2008) ("Given defendant's failure to obtain new counsel within the time ordered by the Court and the inability of a corporation to proceed pro se in federal court, the Court respectfully recommends that plaintiff's motion for default and to strike the Answer and Couterclaim be granted"), *report and recommendation adopted by,* No. 06 CV 2742 (E.D.N.Y. Mar. 4, 2008)).

II.     *The Motions to Strike and for Default Judgment Are Granted*

Here, Turtle Holdings is an LLC that has failed to obtain new counsel. Turtle Holdings was warned numerous times by this Court that it was required to obtain counsel. The Court also give Turtle Holdings multiple opportunities to respond, which it never did, and then gave it 60 days to obtain new counsel after Gordon & Haffner's motion to withdraw was granted. Accordingly, Turtle Holdings has failed to defend and entry of a default judgment is warranted. *See Cael Techonologies*, 2016 WL 5390131, at *3.

Defendant Lisi has set out a barrage of arguments in objection to the R&R recommending default judgment. In his papers he argues that he may or may not have an interest in the Pushing Grey vessel, and that he may or may not be an owner/member/manager of Turtle Holdings. (*See, e.g.*, Lisi Reply in Opp. [DE 122] ¶¶ 1–5.) Regardless of whether Defendant Lisi owns Turtle Holdings or has an interest in the vessel, the fact remains that Turtle Holdings is a corporation that has not retained counsel, and none of his objections change this fact.

Lisi's first objection is that service of the R&R and the order granting withdrawal of counsel on Turtle Holdings was improper, but Defendant Lisi does not contest his own service of process. As Lisi and Turtle Holdings shared counsel, he was served with all the same documents

that should have been served on Turtle Holdings.  If Lisi is a member or manager in Turtle Holdings (as he says he may be) and he was properly served, then service on Turtle Holdings should not be an issue.  *See generally* N.Y. C.P.L.R. §3110-a(a).  If Defendant Lisi has no interest in Turtle Holdings, then he does not have standing to bring this argument.  In any event, his argument is premised on the misguided belief that the orders at issue had to be served pursuant to Fed. R. Civ. P. 4.  They did not.  Service was properly made in accordance with Fed. R. Civ. P. 5.

Regarding Lisi's second argument, only Turtle Holding's Answer will be struck.  This has no effect on Lisi's or Kontarine's answers, even though they filed a joint Answer with Turtle Holdings.  Lisi's third argument relates to service again, and is likewise meritless.  The Court will not consider Lisi's fourth argument that Turtle Holdings "may not indeed be an active LLC," because he provides absolutely no evidentiary support that this is true, nor any legal authority as to how this would change Turtle Holding's obligation to retain counsel.  Defendant's fifth and sixth arguments regarding related civil and criminal cases are similarly unavailing.  The instant case was already stayed 30 days per Lisi's request due to the criminal action; despite Lisi's mischaracterization otherwise, it was never stayed indefinitely and Lisi provides no reason why it should be.  Regarding the civil cases, Lisi solely provides a list of three case names that are apparently related to the Pushing Grey vessel.  However, the captions of these cases do not name the vessel and Lisi provides no information as to the status of these cases, how they affect the Pushing Grey vessel, or how default judgment against Turtle Holdings would be in conflict with those cases.  As this is a mortgage foreclosure action on a vessel—the type of action over which Federal Courts have original and at times exclusive jurisdiction, *see* 46 U.S.C. §

31325(c)—the Court cannot assume that state court cases with similar parties should automatically delay these proceedings without any further information.

Finally, the Court unequivocally declines Lisi's seventh, and final, request to stay the action yet again to cure the default. This matter has already been stayed *numerous* times upon Lisi's requests, and on all of those occasions he has failed to secure counsel for Turtle Holdings.

Accordingly, Defendant Lisi's objections are denied in their entirety, and his motion for a hearing is also denied. The Court finds that by Turtle Holding's failure to obtain counsel—despite this Court's warnings and delays to allow it to do so—it has defaulted in this action. As such, its Answer is hereby struck and BoA's motion for default judgment against it is granted.

## CONCLUSION

Pursuant to Fed. R. Civ. P. 72(b) the Court has reviewed the objected to portions of the R&R de novo.

Accordingly,

**IT IS HEREBY ORDERED** that Turtle Holding's Answer be struck and BoA be granted default judgment against it. The Clerk of Court is directed to enter judgment against Turtle Holdings. Plaintiff is directed to serve a copy of this Order forthwith upon all Defendants by overnight and first-class mail and to file proof of such service on ECF within five (5) days.

Dated: Central Islip, N.Y.
      September 28, 2018                    /s/ Denis R. Hurley
                                                 Denis R. Hurley
                                                 United States District Judge