UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BANK OF AMERICA, NA,

      Plaintiff,       **<u>MEMORANDUM AND ORDER</u>**
                  11-cv-1191 (DRH)(ARL)

  - against -

PUSHING GREY – OFFICIAL NUMBER
1205748, IRENE DENTE, TURTLE
HOLDINGS LLC, STEVE
KONTARINES, BRANDON G. LISI, and
SURFSIDE 3 MARINE MAX also known
as Marine Max of New York LLC,

       Defendants.
----------------------------------------------------------X

**APPEARANCES**

**LACY KATZEN LLP**
Attorney for Plaintiff
130 E. Main Street
Rochester, NY 14604
By: John M. Well, Esq.

**LAW OFFICES OF BRIAN J. DAVIS**
Attorney for Defendant Irene Dente
400 Garden City Plaza, Suite 450
Garden City, NY 11530
By: Brian J. Davis, Esq.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
Attorney for Defendant Surfside Marine Max
88 Pine Street, 21st Floor
New York, NY 10005
By: Daniel Gerard McDermott, Esq.

Defendant Brandon G. Lisi, Pro Se
62739-054
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL
Fort Dix, NJ 08640

Defendant Steven Kontarines, Pro Se

**HURLEY, Senior District Judge:**

**INTRODUCTION**

Plaintiff Bank of America, NA ("Plaintiff") brought this action against the vessel Pushing Grey – Official Number 1205748 ("Vessel") and Defendants Irene Dente ("Dente"), Turtle Holdings LLC ("Turtle Holdings"), Steve Kontarines ("Kontarines"), Brandon G. Lisi ("Lisi"), and Surfside 3 Marine Max, also known as Marine Max of New York LLC ("Marine Max") (collectively, "Defendants") to foreclose a first preferred mortgage on the Vessel. Presently before the Court is Plaintiff's motion for summary judgment, and for a declaration by the Court that Plaintiff's mortgage is prior in interest to the claims and liens of all other Parties in this action.

**BACKGROUND**

The following facts come from Plaintiff's unopposed Rule 56.1 Statements, unless otherwise stated, and are undisputed.

Plaintiff brought the instant action on March 14, 2011, to foreclose a first preferred mortgage on the Vessel. (P.'s R. 56.1 Stmt. [ECF No. 129-19] ¶ 1.) The Vessel is and "at all times relevant" has been registered in the National Vessel Documentation Center ("Center"), and the Center's abstract of title shows an official registration number of 120578 and a hull identification number of SERT9246H607. (*Id.* ¶ 2.) The Vessel is registered as having a hailing port of Cold Spring Harbor, New York. (*Id.* ¶ 3.) The Vessel has been and continues to be located at 846 South Wellwood Avenue, Lindenhurst, New York. (*Id.* ¶ 4.)

Defendant Dente purchased the Vessel in September 2007. (*Id.* ¶ 14.) On September 6, 2007, Dente signed a preferred ship's mortgage ("PS Mortgage") through an authorized agent

which mortgaged the Vessel to Plaintiff.  (*Id.*)  Dente finalized her purchase of the Vessel pursuant to a retail installment contract and security agreement ("Agreement"), dated September 10, 2007.  (*Id.* ¶ 13.)  The Bill of Sale for the Vessel in Dente's name was filed and recorded in the Center on October 3, 2007.  (*Id.* ¶ 15.)  The PS Mortgage was recorded in the Center the same day.  (*Id.* ¶ 16.)

Defendant Dente's last payment to Plaintiff under the Agreement was made on November 4, 2007, after which she defaulted on her obligations.  (*Id.* ¶ 20.)  Following Dente's default, Plaintiff immediately called the Agreement due and payable in full.  (*Id.* ¶ 22.)  The Abstract of Title for the Vessel shows that on November 13, 2007, Defendant Dente apparently transferred her interest in the Vessel to Turtle Holdings.  (Abstract of Title, Ex. B. to Wells Aff. [ECF No. 129-3] at 1.)  Both Defendant Dente and Plaintiff contest this sale.  On January 30, 2009, Dente filed a Chapter 7 petition in bankruptcy court in Arizona.  (*Id.* ¶ 23.)  Shortly thereafter, Turtle Holdings' purported bill of sale was filed with the Center on February 11, 2009.  (*Id.* ¶ 24.)  The transfer of interest to Turtle Holdings has been listed with the Center as "pending," rather than "recorded," since that date – presumably because of the stay in the bankruptcy proceeding followed by the instant *in rem* action.  There are no other mortgages, maritime liens, or documents purporting to transfer title to any entity who is not a party to this action recorded in the Center.  (*Id.* ¶ 18.)

Turtle Holdings was organized under the Laws of Delaware on June 27, 2006.  (P.'s R. 56.1 Stmt. ¶ 5.)  Defendant Lisi is, or may be, a successor-in-interest to Turtle Holdings as one of its former members.  (Compl. ¶ 11.)  The State of Delaware reflects Turtle Holdings' status as "Dismissed-Voided" from an unknown date prior to June 23, 2010.  (Pl.'s R. 56.1 Stmt. ¶ 6.)  Turtle Holdings has not been restored to good standing since.  (*Id.*)  This Court entered default

judgment against Turtle Holdings on October 5, 2018. (Default Judgment [ECF No. 128] at 1.) Turtle Holdings is no longer a party to this action. (*Id.*)

Defendant Dente consents to the Court granting summary judgment in Plaintiff's favor. (Pl.'s R. 56.1 Stmt. ¶ 9 (citing Dente Aff. [ECF No. 129-8] at 1).) Likewise, Defendant Kontarines has disclaimed any interest in the Vessel. (P.'s R. 56.1 Stmt. ¶ 8 (citing Kontarines Decl. [ECF No. 103] ¶ 9.)) Defendant Marine Max holds the Vessel pursuant to a warrant issued by the U.S. Marshall on October 3, 2011. (Warrant for Arrest in Action in Rem [ECF No. 16].) Defendant Marine Max filed a sworn affidavit consenting to the Court granting Plaintiff's motion for summary judgment. (McDermott Aff. [ECF No 132] ¶ 13.)

The only Defendant who is challenging Plaintiff's motion for summary judgment is Defendant Lisi, who is proceeding pro se. Defendant Lisi is incarcerated and he claims that he was never served with Plaintiff's pre-motion conference letter, and that he was unable to respond because he was moved between wings at Fort Dix. (Def. Lisi's Response [ECF No. 130] at 1.) In a letter requesting an extension of time to respond to Plaintiff's motion, Defendant Lisi refers to numerous settlement agreements related to the Vessel as well as multiple New York state court cases concerning the Vessel. (*Id.* at 2.) Unfortunately, Defendant Lisi's mailed request never reached the Court, and it was later filed with Plaintiff's motion papers as a "response" as opposed to as a "request for an extension of time." The Court did not note this discrepancy on the docket, and failed to grant Lisi's request. Due to this oversight, the Court will only consider the motion for summary judgment as it applies to Defendants Dente, Kontarines, and Marine Max. The Court grants Lisi's request, despite the eight-month delay in filing his papers because "[w]hen a pro se party opposes summary judgment, 'although the same standards for dismissal apply, a court should give the *pro se* litigant special latitude.'" *Minima v. N.Y. City Emps.'*

*Retirement Sys.*, 2012 WL 4049822, at *4 (E.D.N.Y. Aug. 17, 20120 (quoting *Ibeawuchi v. United States*, 209 F.R.D. 320, 321–22 (S.D.N.Y. 2002)). To the extent that Defendant Lisi's request refers to Turtle Holdings, it is denied. Turtle Holdings is no longer a party to this action – it defaulted and it may not file a response, by way of Defendant Lisi or otherwise.

## DISCUSSION

### I. Legal Standard

Summary judgment, pursuant to Rule 56, is appropriate only where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant governing law in each case determines which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When making this determination, a court must view all facts "in the light most favorable" to the non-movant, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014), and "resolve all ambiguities and draw all permissible factual inferences in favor of the [non-movant]," *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). Thus, "[s]ummary judgment is appropriate [only] where the record taken as a whole could not lead a rational trier of fact to find for the [non-movant]." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotation marks omitted).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts demonstrating that there is a genuine dispute of material fact to be tried. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The non-movant must present more than a "scintilla of evidence,"

*Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Matsushita*, 475 U.S. at 586-87), and "may not rely on conclusory allegations or unsubstantiated speculation," *Id*. (quoting *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

The district court considering a summary judgment motion must also be "mindful . . . of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the "evidentiary burdens that the respective parties will bear at trial guide district courts in their determination[s] of summary judgment motions," *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). "[W]here the [non-movant] will bear the burden of proof on an issue at trial, the moving party may satisfy its burden by pointing to an absence of evidence to support an essential element of the [non-movant's] case." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014) (quoting *Brady*, 863 F.2d at 210-11) (internal quotation marks omitted). Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish his claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587). "[A] complete failure of proof concerning an essential element of the [non-movant's] case necessarily renders all other facts immaterial." *Crawford*, 758 F.3d at 486 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

These same standards apply "where a motion for summary judgment is unopposed." *Waller v. Muchnik, Golieb & Golieb, P.C.*, 523 F. App'x 55, 57 (2d Cir. 2013) (citing *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)); *see also Lue v.*

*JPMorgan Chase & Co.*, 768 F. App'x 7, 10 (2d Cir. 2019) ("Where a motion for summary judgment is unopposed, summary judgment is proper only if the court is satisfied that the moving party has met its burden with sufficient support in the record evidence").

## II.     Jurisdiction

Federal district courts have jurisdiction over admiralty and maritime matters.  U.S. Const. Art. III, § 2, cl. 1; 28 U.S.C. § 1333; *Cal. & State Lands Comm'n v. Deep Sea Research, Inc.*, 523 U.S. 491, 501, 118 S. Ct. 1464, 140 l.Ed.2d 626 (1998) (judicial power of federal courts extends to all cases of admiralty and maritime jurisdiction).  "In particular, the district courts have jurisdiction over foreclosure actions under the Ship Mortgage Act, 46 U.S.C. § 31301, *et seq.*, including actions *in rem* to enforce a preferred mortgage lien against a documented vessel under 46 U.S.C. § 31325(b)(1), and actions *in personam* against the mortgagor for the outstanding indebtedness secured by the mortgaged vessel." *JP Morgan Chase Bank, N.A. v. M/Y Fortuna*, 2013 WL 1148920, at *3 (E.D.N.Y. Feb. 12, 2013), report and recommendation adopted by 2013 WL 1195420 (E.D.N.Y. Mar. 20, 2013) (citing 46 U.S.C. § 31325(c) ("The district courts have original jurisdiction of a civil action brought under subsection b(1) or (2) of this section.  However, for a documented vessel [in rem] . . . this jurisdiction is exclusive of the courts of the States ")).

"*In rem* jurisdiction is 'a customary elliptical way of referring to jurisdiction over the interests of a person in a thing." *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 153 (2d Cir. 2016).  *In rem* jurisdiction is usually dependent upon seizure of the *res*, but the court may also obtain jurisdiction by way of "the consent of the owner or other person asserting a right of possession." *Id.*  Moreover, *in rem* jurisdiction can be waived even without seizure when the owner appears without contesting jurisdiction.  *Id.* (citing *United States v.*

*Republic Marine, Inc.*, 829 F.2d 1399, 1402 (7th Cir. 1987); *Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1107–08 (5th Cir. 1985)).

Here, Defendants Dente, Kontarines, and Marine Max have all consented to the Court's jurisdiction. *See Hapag-Lloyd*, 814 F.3d at 153 (noting that the owner consented to the district court's jurisdiction over its interests in the vessel by bringing the action, "which is sufficient to confer jurisdiction"). As the Court is only deciding the motion for summary judgment as to these three Defendants, their consent is sufficient. Nevertheless, the Court also notes that it has jurisdiction under 46 U.S.C. § 31325(b)(1), (c), because the Vessel is documented, Plaintiff has brought this proceeding in rem, and the Court arrested the Vessel. Lastly, as Plaintiff notes in its moving papers, the Court may also have diversity jurisdiction. However, this has not been properly plead at this time because Plaintiff has failed to set forth its place of incorporation and the citizenship of the Defendants. Rather, Plaintiff has merely stated its principle place of business and Defendants' residences. "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record[.]" *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc*., 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). The citizenship of a corporation is determined by its place of incorporation and its principal place of business. *See New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010). With regards to individuals, "a statement of the parties' residence is insufficient to establish their citizenship." *Davis v. Cannick*, 2015 WL 1954491, at *2 (E.D.N.Y. 2015); *Young-Gibson v. Patel*, 476 Fed. App'x 482, 483 (2d Cir. June 12, 2012). "For purposes of diversity jurisdiction, [an individual's] citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

*III.*     *The Motion for Summary Judgment is Granted as to Defendants Dente, Kontarines, and Marine Max*

Under 46 U.S.C. § 31322 of the Ship Mortgage Act, a preferred mortgage is defined as a mortgage that: (1) "includes the whole of the vessel[;]" (2) "is filed in substantial compliance with section 31321 of this title[;]" and (3) "covers a documented vessel." Section 31321 provides that a mortgage must be filed with the U.S. Coast Guard at the vessel's home port, and the mortgage must: (1) identify the vessel, (2) state the name and address of each party to the instrument; (3) state the amount of the direct or contingent obligations that are secured by the mortgage; (4) state the interests of the grantor, mortgagor, or assignor in the vessel; (5) state the interest mortgaged; and (6) be signed and acknowledged. 46 U.S.C. § 31321(b).

In the present case, the mortgage at issue is a "preferred mortgage" subject to the Ship Mortgage Act. It complies with § 31321 by: (1) identifying the "mortgaged vessel" as Pushing Grey and includes its hull id number and home port; (2) identifying Defendant Dente as the mortgagor and Plaintiff as the mortgagee, and listing their addresses; (3) identifying the total amount of the mortgage as $235,590.50; (4) identifying Dente as the owner of the Vessel; (5) stating that the mortgage is on 100 percent (%) of the Vessel; and (6) being signed by Dente's attorney and properly acknowledged by a notary public. (First Preferred Mortgage, Ex. B. to Gourlay Aff. [ECF No. 129-23] at 2.) Moreover, it meets the requirements set forth in § 31322 because it: (1) includes the whole of the vessel; (2) was filed in compliance with § 31321; and (3) covers a documented vessel. *Id.* Finally, Plaintiff properly filed the PS Mortgage with the Center. Thus, the Plaintiff has a valid preferred mortgage under the Ship Mortgage Act.

Under the Ship Mortgage Act, "[a] bill of sale, conveyance, mortgage, assignment, or related instrument, whenever made, that includes any part of a documented vessel . . . must be filed with the Secretary to be valid, to the extent the vessel is involved, against any person

except" the grantor, mortgage, assignor, heir thereof, or a person having actual notice of the sale, conveyance, mortgage, assignment, or related instrument. 46 U.S.C. § 31321(a)(1). The Secretary records bills of sale, conveyances, mortgages, assignments, and related instruments "in the order they are filed[.]" 46 U.S.C. § 31321(e)(1).

Here, the Abstract of Title that has been recorded with the Center shows that Defendant Dente purchased the Vessel on September 10, 2007, and recorded the Bill of Sale with the Center on October 3, 2007. (Abstract of Title at 1.) Additionally, the Title shows that the PS Mortgage was signed on September 6, 2007, and recorded on October 3, 2007. (*Id.*) Finally, the Title shows that a Transfer of Interest from Defendant Dente to Turtle Holdings was allegedly made on November 14, 2007, filed with the Center on February 11, 2009, and that the status is listed as "pending" rather than "recorded." (*Id.*) Defendant Kontarines has stated that he does not oppose Plaintiff's motion for summary judgment, so the priority of any interest he may have or have had in the Vessel by way of Turtle Holdings is not in dispute. Marine Max likewise does not oppose Plaintiff's motion, so its priority in interest is not in dispute. Finally, Defendant Dente has attested that she has surrendered title in the Vessel and her interest therein has been discharged in the aforementioned bankruptcy proceeding. (Dente Answer [ECF No. 3] ¶ 37.) As Dente has no interest in the Vessel, there is no issue of priority. Accordingly, Plaintiff's motion for summary judgment for a declaration that its PS Mortgage is prior in interest to the claims and liens, if any, of Defendants Dente, Kontarines, and Marine Max is granted.

Plaintiff's motion for summary judgment against Defendant Lisi is denied without prejudice to renew upon the service of Defendant Lisi's response in opposition.

**CONCLUSION**

For the foregoing reasons, Plaintiff's unopposed motion for summary judgment is granted as to Defendants Dente, Kontarines, and Marine Max. Plaintiff's motion is denied without prejudice to renew as to Defendant Lisi. Defendant Lisi's request for an extension of time to respond to Defendant's motion is granted. Defendant Lisi's request, if one was intended, to file a response on behalf of Turtle Holdings is denied in its entirety, as default judgment has already been granted against Turtle Holdings. Any response filed on behalf of Turtle Holdings will be stricken. Defendant Lisi shall serve his response on or before October 30, 2019. Plaintiff shall serve its reply, if any, and file all papers with the Court including a courtesy copy for Chambers on or before November 13, 2019. The Parties should also address the effect, if any, of the default judgment against Turtle Holdings on Defendant Lisi's interest. Plaintiff should re-file its moving papers along with Defendant Lisi's opposition and Plaintiff's reply, if any, as a renewed motion for summary judgment on ECF. Plaintiff is directed to serve a copy of this Order on Defendant Lisi on or before October 2, 2019, and to file proof of such service on or before October 3, 2019.

Finally, Defendant Dente is directed to file a status report on or before October 10, 2019, indicating whether she still intends to pursue a cross-claim against cross-defendants Kontarines, Lisi, Marine Max, and Turtle Holdings. Defendant Dente indicated in her response dated October 2, 2018, that she has been "nothing more than a fact witness who has lived in Arizona during the entire time that this case has been pending." (Dente Response [ECF No. 127] at 1.) Furthermore, in a letter filed on November 12, 2014 Defendant Dente stated that she "has no interest in the outcome or disposition of the boat[.]" (Dente Letter [ECF No. 55] at 1.) If Defendant Dente does wish to withdraw her cross-claim(s), then she is directed to file a

stipulation of dismissal as against all cross-defendants in lieu of a status report on or before

October 10, 2019.

Dated: Central Islip, N.Y.
      September 27, 2019                                     __/s Denis R. Hurley_____
                                                      Denis R. Hurley
                                                      United States District Judge