UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT ... N.Y.
★ JAN 02 2020 ★
LONG ISLAND OFFICE

|  |  |
|---|---|
| BANK OF AMERICA, N.A. ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 11-cv-01191-DRH-ARL |
| ) | |
| PUSHING GREY - Official Number ) | |
| 1205748 et al ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S DECLARATION IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT

Brandon Lisi, Defendant, appearing *pro se*, states and declares the following statements to be true and correct to the best of his knowledge and belief under the penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am a named defendant in this case.

2. This Declaration is made in opposition to Plaintiff's **Renewed** Motion for Summary Judgement" (Dkt. #151), which I was served with on or about late November 2019.

3. It must be noted that I requested on December 2, 2019 a First Time (Initial) Adjournment of my time to answer the Plaintiff's Motion currently at issue, but said adjournment request was erroneously denied by this Court apparently on or about December 16, 2019. In denying my Request, the Court mistakenly reasoned that I had requested prior adjournments regarding this particular Motion. However, this cannot be true, since the prior adjournment requests made by me were for time to oppose Plaintiff's original Motion for Summary Judgement (Dkt. #129), which this Court has already decided and denied by a previous Order. That Order also ruled on an Order to Show Cause brought by Plaintiff (which I had also requested a First Time Adjournment to Oppose - a request which this Court also improperly denied). So, I have never received an adjournment and additional time to oppose Plaintiff's "**Renewed** Motion for Summary Judgement" that I know of, despite the erroneous factual findings of this Court in its December 16, 2019 Order.

4. Moreover, as I have advised this Court repeatedly, to this day I still do not have access to the legal materials that I need to adequately oppose Plaintiff's many Motions. The BOP has egregiously kept same from me.

RECEIVED
JAN 02 2020
EDNY PRO SE OFFICE

5. Therefore, I contacted the Pro Se Desk of this Court via telephone and informed them of this absurd situation, especially in light of the Court denying me an opportunity to Oppose Plaintiff's most recent Motion that was filed and served less than a month ago from the time I requested the adjournment. Per the instructions that I received from the Clerk, I am writing to this Court.

6. Although I do not possess the documents and Rule 16 material(s) that I need from the Criminal Case against me before Judge Failla, since the BOP (and Mr. Haffner) seem to be holding them hostage at this point, I will nonetheless rely on documents that I know and or believe exist in that case to at least do my best at this juncture to oppose Plaintiff's most recent Motion to Renew. This Court, as I discussed with the Pro Se Desk Clerk, can no doubt take Judicial Notice of these documents and can obviously access same more easily than me at this point.

7. That said, Plaintiff's **Renewed** Motion for Summary Judgment must fail against me and as such must be denied, because I was never properly served (not served at all) with the initial pleadings (Summons and Complaint) even though according to Plaintiff's Affidavit of Service (Exhibit "P" of Plaintiff's **Renewed** Motion), Plaintiff claims to have served me "at 15 Wincott Dr., Melville, NY 11747", on "March 17, 2011".

8. The problem with Plaintiff's false and fraudulent claim of service is that, as Plaintiff and its attorneys well know and knew at the time, my place of residence and address was in Glen Cove, NY. As page 14, paragraph 63 of the Pre-Sentence Report dated on or about July/August 2017, the statement of U.S. Department of Probation and Pre-Trial Services Officer Zondra Jackson (P57183) states: "From approximately 2006 until June 19, 2014, Lisi lived alone at xx, xxx xxxxx xxxxx, Glen Cove, NY". (Specific address intentionally redacted - this Court can view the PSR and see the redacted information for itself). Said PSR was created, filed, and adopted by Judge Failla in *U.S. v. Lisi*, Case No. 15-cr-457(KPF). I surrendered to FPC Canaan on June 19, 2014, and have been in the BOP's custody since that time.

9. Furthermore, the transcripts in the case before Judge Failla, as well as the entire record (transcripts, PSR, arrest warrants, arraignments, newspaper and internet articles, etc.) in the cases before Judge Buchwald and Judge Swain, all reveal as a matter of public record that I was NOT living at the address that Plaintiff has falsely alleged serving me at with the Summons and Complaint in this case. This fact is made especially clear when one looks at the fact that I was under house arrest (home confinement) at my residence in Glen Cove.

10. In addition, if I had access to the aforementioned Rule 16 material, I could submit to the Court copies of multiple emails exchanged between the SDNY U.S. Attorney (and I believe the FBI Agents working the cases before Judges Buchwald, Swain, and Failla), and Plaintiff's Attorneys. From what I recall, these emails date back to 2010 and 2011, and go through to my most recent indictment and beyond. So, Plaintiff's Attorneys had ample knowledge of my true and accurate address to properly effectuate service upon me. Despite that fact and knowledge, however, Plaintiff and its attorneys tried to play hide the ball by not properly serving me.

11. Therefore, this Court lacks *in personam* jurisdiction over me, and as such, and in accordance with my first affirmative defense that appears in the answer filed on my behalf in this case, Plaintiff's **Renewed** Motion for Summary Judgment against me must be denied, and the instant case against me must be dismissed with prejudice.

12. It must be further noted that, Plaintiff itself admits that "Lisi Does Not Own the Vessel" at issue in this case. See Page 6 of Plaintiff's **Renewed** Motion. Likewise, Plaintiff also states that it has no idea who owns Turtle, and that "Turtle has not had any corporate existence and standing in New York, New Jersey, or Delaware after it was dissolved in 2010..." See Page 7, paragraph 27 of Plaintiff's **Renewed** Motion.

13. This Court has made similar findings of fact and law. Therefore, according to Plaintiff and the Court, I have no interest in this case, and as such, there is no reasonable trier of fact that could not find a triable issue of fact regarding me. Thus, Plaintiff's **Renewed** Motion for Summary Judgment must be denied with regard to me, and the case against me dismissed in its entirety, including the cross-claim which relies on the validity of the Plaintiff's initial service upon me for *in personam* jurisdiction purposes.

14. Accordingly, based upon the aforementioned, it is respectfully requested that despite me not being able to raise nearly any of my defenses, the above constitutes a legal and factual basis enough to warrant the denial of Plaintiff's **Renewed** Motion against me.

WHEREFORE, Defendant prays that this Court deny Plaintiff's **Renewed** Motion in its entirety, dismisses this case with prejudice, and grants me such other and further relief as this Court deems just and proper.

Dated: December 27, 2019
at Brooklyn, New York

Respectfully Submitted,

/s/ Brandon Lisi
Brandon Lisi
Reg. No. 62739-054
Defendant, Pro se
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232