UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
BANK OF AMERICA, NA,

                        Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                          11-cv-1191 (DRH)(ARL)

  - against -

PUSHING GREY – OFFICIAL NUMBER
1205748, IRENE DENTE, TURTLE
HOLDINGS LLC, STEVE
KONTARINES, BRANDON G. LISI, and
SURFSIDE 3 MARINE MAX also known
as Marine Max of New York LLC,

                        Defendants.
--------------------------------------------------------X

**APPEARANCES**

**LACY KATZEN LLP**
Attorney for Plaintiff
130 E. Main Street
Rochester, NY 14604
By:    John M. Well, Esq.

**DEFENDANT BRANDON G. LISI, PRO SE**
62739-054
Metropolitan Detention Center – Brooklyn
PO Box 329002
Brooklyn, NY 11232

**HURLEY, Senior District Judge:**

## INTRODUCTION

      Plaintiff Bank of America, NA ("Plaintiff") brought this action against the vessel Pushing Grey – Official Number 1205748 ("Vessel") and Defendants Irene Dente ("Dente"), Turtle Holdings LLC ("Turtle Holdings"), Steve Kontarines ("Kontarines"), Brandon G. Lisi ("Lisi"), and Surfside 3 Marine Max, also known as Marine Max of New York LLC ("Marine Max") (collectively, "Defendants") to foreclose a first preferred mortgage on the Vessel. Default

judgment was entered against Defendant Turtle Holdings on October 5, 2018. (Default Judgment [ECF No. 128].) On September 27, 2019, I granted Plaintiff's unopposed motion for summary judgment as to Defendants Dente, Kontarines, and Marine Max and denied Plaintiff's motion without prejudice to renew as to Defendant Lisi, who had requested an extension of time to respond to Plaintiff's motion. (Mem. and Order dated Sept. 27, 2019 [ECF No. 139] (the "September Order").) Defendant Dente was subsequently terminated from the action on October 15, 2019. (Docket Entry dated Oct. 15, 2019.) Presently before the Court is Plaintiff's renewed motion for summary judgment against Defendant Lisi.

The Court assumes the parties' familiarity with the facts of this case, which are laid out in the September Order. In the September Order, I asked the parties to address the effect, if any, of the default judgment against Turtle Holdings on Defendant Lisi's interest in the Vessel. Plaintiff addressed this issue in paragraphs 37 through 41 of John Wells' affidavit in support of the renewed motion for summary judgment. (Wells Aff. [DE 152].) In those paragraphs, Wells asserts that Plaintiff "was unable to determine whether Lisi had any interest in Turtle and, therefore, has no information that Lisi is a successor to Turtle." (Wells Aff. ¶ 38.) Nonetheless, Plaintiff maintains that "[t]he key point in this case is that the public record of title and liens on documented vessels shows that the Bank's borrower was first in title, the Bank lent to the borrower to buy the Vessel, the Bank's preferred ship's mortgage was recorded long before any interest claimed by Turtle and/or Lisi was recorded, and the loan and mortgage are in default." (Wells Aff. ¶ 41.)

## DISCUSSION

The Court refers to the standards and applicable law as laid out in its September Order.

Defendant Lisi had ample opportunity to oppose Plaintiff's motion but repeatedly delayed doing so over the course of a year, with his requests often coming on the day he was meant to oppose Plaintiff's motion. Defendant Lisi last requested an extension on December 2, 2019, the day his response to Plaintiff's renewed motion was due. On December 16, 2019, I denied that request given the history of requests in connection with Plaintiff's motion and advised the parties that I would decide the motion on the papers presented at that time. (Docket Entry dated Dec. 16, 2019.) Nonetheless, Defendant Lisi filed an opposition to Plaintiff's motion nine days later on December 27, 2019. (Def. Lisi's Decl. in Opp. [ECF No. 159].) Though the Court need not consider Defendant Lisi's opposition given that it is untimely, a review of the opposition reveals that Defendant Lisi does not present any meritorious arguments.

Given the above and for the reasons laid out in the September Order, the Court grants Plaintiff's motion as to Defendant Lisi.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted as to Defendant Lisi.

Given that the claims against all Defendants have been resolved, Plaintiff is directed to provide the Court with a proposed judgment, including appropriate provisions for disposition of the Vessel as collateral for the mortgage at issue in this case, by June 26, 2020. Plaintiff is also directed to serve a copy of this Order on Defendant Lisi within five days of this Order, and to file proof of such service within three days thereafter.

Dated: Central Islip, N.Y.
       June 5, 2020                                      /s Denis R. Hurley
                                                                       Denis R. Hurley
                                                                       United States District Judge